COPY

## IN THE CIRCUIT COURT OF DAVIDSON COUNTY, TENNESSEE

| | |
|---|---|
| DARLENE TEIL, | ) |
| Plaintiff, | ) Docket No. |
| v. | ) |
| SHAWN ROWE and TOMLIN TRUCKING, LLC, | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff states:

1. Plaintiff Darlene Teil is a citizen and resident of Rutherford County, Tennessee.

2. Defendant Shawn Rowe is a citizen and resident of Arkansas and may be served with process at 350 Needles Eye Trail, Mammoth Spring, Arkansas 72554.

3. Defendant Tomlin Trucking, LLC is a Missouri Corporation that may be served with process through its registered agent, Gene R. Tomlin, 440 State Highway J, Hayti, Missouri 63851.

4. On October 21, 2020, Defendant Shawn Rowe was driving a semi-truck on Interstate 24 East in Davidson County, Tennessee.

5. At the same time, Plaintiff Darlene Teil was operating a vehicle on Interstate 24 East.

6. Defendant Shawn Rowe drove the semi-truck he was operating into the lane of travel of the vehicle Plaintiff Darlene Teil was operating, striking Plaintiff Darlene Teil's vehicle, and causing a collision.

7. Defendant Shawn Rowe is at fault for the collision.

EXHIBIT A

COPY  EFILED 10/15/21 06:00 PM CASE NO. 21C1792 Richard R. Rooker, Clerk

8. Defendant Shawn Rowe did not have the right of way as he crossed into Plaintiff Darlene Teil's lane on Interstate 24 East.

9. Plaintiff Darlene Teil had the right of way as she traveled in her own lane on Interstate 24 East.

10. Defendant Shawn Rowe failed to maintain a proper lookout.

11. Defendant Shawn Rowe failed to pay proper attention.

12. Defendant Shawn Rowe failed to keep the semi-truck he was driving under proper control.

13. Defendant Shawn Rowe failed to use reasonable and due care in the operation of the semi-truck he was driving so as to avoid injury to other persons using the roadway, including Plaintiff Darlene Teil.

14. Based on Defendant Shawn Rowe's conduct described herein, Defendant Shawn Rowe was negligent.

15. Defendant Shawn Rowe violated Tenn. Code Ann. § 55-8-136 by failing to exercise due care to avoid colliding with the vehicle Plaintiff Darlene Teil was operating, by failing to maintain a safe lookout, by failing to keep the semi-truck he was driving under proper control, and by failing to devote full time and attention to operating the semi-truck he was driving, under the existing circumstances to avoid endangering life, limb, or property.

16. Based on Defendant Shawn Rowe's conduct described herein, Defendant Shawn Rowe was negligent *per se*.

17. At all times relevant to the matters alleged herein, Defendant Tomlin Trucking, LLC, was the owner of the vehicle that Defendant Shawn Rowe was operating at the time of the collision.

COPY

18. At all times relevant to the matters alleged herein, the vehicle that Defendant Shawn Rowe was operating at the time of the collision was registered in the name of Defendant Tomlin Trucking, LLC

19. Plaintiff Darlene Teil invokes the presumptions of Tenn. Code Ann. §§ 55-10-311 and 312.

20. At all times relevant to the matters alleged herein, Defendant Shawn Rowe was driving the vehicle with the permission of Defendant Tomlin Trucking, LLC

21. At all times relevant to the matters alleged herein, Defendant Shawn Rowe was an agent, employee, or both of Defendant Tomlin Trucking, LLC

22. At all times relevant to the matters alleged herein, Defendant Shawn Rowe was acting in the course and scope of his agency, employment, or both on behalf of Defendant Tomlin Trucking, LLC

23. At all times relevant to the matters alleged herein, Defendant Tomlin Trucking, LLC, is vicariously responsible for the negligent acts, omissions, or both of Defendant Shawn Rowe under the doctrine of *respondeat superior*.

24. At all times relevant to the matters alleged herein, Defendant Tomlin Trucking, LLC, knew or reasonably should have known of Defendant Shawn Rowe's propensity to operate vehicles in a negligent manner so as to create an unreasonable risk of harm to others.

25. Defendant Tomlin Trucking, LLC's negligent entrustment of its vehicle to Defendant Shawn Rowe is the direct and proximate cause of the collision and Plaintiff Darlene Teil's injuries and damages.

26. Plaintiff Darlene Teil has suffered injuries as a direct and proximate result of the collision.

COPY

27. Plaintiff Darlene Teil has incurred medical bills and other expenses as a direct and proximate result of the collision.

28. Plaintiff Darlene Teil has endured physical pain and mental suffering as a direct and proximate result of the collision.

29. Plaintiff Darlene Teil has suffered loss of enjoyment of life as a direct and proximate result of the collision.

30. Plaintiff Darlene Teil has suffered lost wages, loss of earning capacity, or other out of pocket expenses, or some combination thereof, as a direct and proximate result of the collision.

31. Plaintiff Darlene Teil seeks to recover for all of her damages allowed under Tennessee law.

WHEREFORE, Plaintiff Darlene Teil prays for the following relief:

1. A judgment for compensatory damages against Defendant Shawn Rowe and Defendant Tomlin Trucking, LLC, jointly and severally, in an amount to be determined by the trier of fact, but in excess of $25,000.00;

2. An award of all discretionary costs and court costs; and

3. Such other and further relief as shall be deemed reasonable, just, and necessary.

COPY

Respectfully submitted,

*/s/ Burke Keaty*
R. Burke Keaty, II, BPR#027342
**MORGAN & MORGAN – NASHVILLE, PLLC**
810 Broadway, Suite 105
Nashville, Tennessee 37203
(615) 514-4205
bkeaty@forthepeople.com
*Attorney for Plaintiff*

5