UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DARLENE TEIL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Doc. No. 3:21-cv-00917 |
| | ) |
| SHAWN ROWE and | ) |
| TOMLIN TRUCKING, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

On October 21, 2020, Darlene Teil was heading east down Interstate 24 in Davidson County when she claims a semi-truck driven by Shawn Rowe crossed into her lane of travel resulting in a collision. As a result, Ms. Teil alleges she suffered injuries, incurred medical expenses, endured physical pain and mental suffering, suffered a loss of enjoyment of life, and lost wages. She filed suit in the Davidson County Circuit Court against Mr. Rowe, as well as his employer, Tomlin Trucking LLC, alleging negligence against both Defendants, including that Tomlin Trucking negligently entrusted the tractor-trailer to Mr. Rowe.

Defendants removed the case to this Court on the basis of diversity jurisdiction. In his Answer, Mr. Rowe admits that he was driving the vehicle as Tomlin Trucking's agent and employee, (Doc. No. 7, Answer ¶¶ 20-22), and Tomlin Trucking admit the same in both its motion to dismiss and supporting memorandum (Doc. No. 8 at 1; Doc. No. 9 at 2). With those admissions, Defendants move to dismiss the Complaint to the extent it alleges negligent entrustment or any other direct negligence claims against Tomlin Trucking pursuant to the preemption rule.

This is not the first time the Court has been presented with this issue. In Freeman v. Paddack Heavy Transp., Inc., No. 3:20-CV-00505, 2020 WL 7399026, at *1 (M.D. Tenn. Dec. 16, 2020), another case involving a motor vehicle accident between the driver of a car and an allegedly negligent commercial truck driver, the Court described the preemption rule as generally holding "a plaintiff may not proceed against an employer on direct negligence claims once the employer has admitted vicarious liability for the actions of its agent." The Court then canvassed the law in the area and wrote:

> The basic rationale for the preemption rule is that, "where vicarious liability [is] admitted and none of the direct liability theories could prevail in the absence of proof of the employee's negligence, the employer's liability [is] necessarily fixed by the negligence of the employee. Thus, any additional evidence supporting direct liability claims could serve only to waste time and possibly prejudice the defendants." Wilson v. Image Flooring, LLC, 400 S.W.3d 386, 393 (Mo. App. W.D. 2013) (citing McHaffie v. Bunch, 891 S.W.2d 822, 826 (Mo. 1995)).
>
> Several jurisdictions have adopted this rule, some providing an exception for plaintiffs seeking punitive damages from employers. See Kelley v. Blue Line Carriers, LLC, 300 Ga. App. 577, 580 (Ga. Ct. App. 2009) (citing Durben v. Am. Materials, Inc., 232 Ga. App. 750, 751 (Ga. Ct. App. 1998)) (applying rule with exception for plaintiffs with "a valid claim for punitive damages against the employer based on its independent negligence in hiring and retaining the employee or entrusting a vehicle to such employee"); Justice v. Greyhound Lines, Inc., No. 5:16-CV-132-FL, 2019 WL 267910, at *2 (E.D.N.C. Jan. 18, 2019) (collecting cases) ("The only recognized context under North Carolina law where a stipulation to vicarious liability would not preclude theories of direct liability against an employer is where a claim for punitive damages is presented."); Bell v. Redjal, 569 S.W.3d 70, 81 (Mo. App. E.D. 2019) (citations omitted) ("[T]his rule is subject to an exception when the plaintiff brings a claim for punitive damages against the employer."); but see Ferrer v. Okbamicael, 390 P.3d 836, 848 (Colo. 2017) ("We reject any exception to the rule where the plaintiff asserts exemplary damages against the employer.").
>
> Other jurisdictions, however, have declined to adopt the preemption rule altogether. See MV Transp., Inc. v. Allgeier, 433 S.W.3d 324, 337 (Ky. 2014) ("[A] plaintiff may assert and pursue in the same action a claim against an employer based under respondeat superior upon the agent's negligence, and a separate claim based upon the employer's own direct negligence in hiring, retention, supervision, or training.");

<blockquote>
James v. Kelly Trucking Co., 377 S.C. 628, 634 (2008) ("South Carolina law does not prohibit a plaintiff from pursuing a negligent hiring, training, supervision, or entrustment claim once respondeat superior liability has been admitted.").
</blockquote>

Freeman, 2020 WL 7399026, at *1–2.

Recognizing that "Tennessee state court 'ha[d] not yet addressed' whether to adopt the preemption rule," id. at 2 (citation omitted), the Court predicted that, were it presented with the issue, the Tennessee Supreme Court would adopt the rule, at least in the absence of any claim for punitive or exemplary damages. This prediction was in accord with that made by the Eastern District of Tennessee in Ryans v. Koch Foods, LLC, No. 1:13-cv-234-SKL, 2015 WL 12942221, at *9 (E.D. Tenn. July 8, 2015). This Court found no controlling Tennessee authority to the contrary, and has found none now.

Here, Plaintiff seeks compensatory damages for all of her losses. She does not seek exemplary or punitive damages. The Court has no reason to reconsider the question it decided in Freeman, particularly since Plaintiff failed to respond in opposition to Defendant's motion to dismiss.

Accordingly, Defendants' Motion for Partial Dismissal (Doc. No. 8) is **GRANTED**. Plaintiff's direct negligence claims against Tomlin Trucking are **DISMISSED** pursuant to the preemption rule because Tomlin Trucking has conceded that it is vicariously liable for any negligence by Mr. Rowe.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE